UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-151-FDW

| ALFONZO CABALLERO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| PHILLIP BONEY, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of the Complaint,[1] (Doc. No. 1). Plaintiff has been granted leave to proceed *in forma pauperis*. (Doc. No. 4).

I.     **BACKGROUND**

*Pro se* Plaintiff, a North Carolina prisoner, filed this action pursuant to 42 U.S.C. § 1983. He is complaining about an incident that occurred at the Lanesboro Correctional Institution on June 12, 2014.[2] He names as Defendants the following Lanesboro C.I. employees: Officer Phillip Boney, Officer Burke, Officer Heh, Officer Mack, Officer McIntosh, Officer Smith, and Officer Holder.

Liberally construing the Complaint and accepting the allegations as true, Plaintiff was being escorted to the rec yard in handcuffs when Officer Smith called him a "wetback m…. f….r Mexican," threw him to the floor, placed his knee on Plaintiff's back, held his head still, and beat him by hitting various parts of his body. (Doc. No. 1 at 4). Officers Boney, Mack, McIntosh, Goss,

---

[1] Plaintiff filed a Motion for Leave to File an Amended Complaint on November 14, 2017. (Doc. No. 10). The Court granted the motion on November 29, 2017, and gave Petitioner 14 days to do so. (Doc. No. 11). That deadline is long expired and Plaintiff has not filed an Amended Complaint to date.

[2] Plaintiff's reference to June 12, 2015, is apparently an error. See (Doc. No. 1 at 5); (Doc. No. 12 at 1).

1

Holder, Bruce, Burke, Heh, and Smith all joined in the beating. Plaintiff was not a threat to the officers and did not resist. The beating was an act of retaliation and occurred after a long history of harassment, bias, racial slurs, threats, intimidation, and prejudice toward Mexicans. Plaintiff sustained fractures to his right hand, one foot, and shoulder, and injuries to his left hand, arms, head, and face. He has problems walking due to these injuries. Plaintiff seeks punitive damages of $50,000 from each Defendant.

## II.     STANDARD OF REVIEW

A "court shall dismiss [a prisoner's] case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must

2

still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Unnamed Individuals**

The Federal Rules of Civil Procedure provide that, "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a); see Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, Haines, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," Pliler v. Ford, 542 U.S. 225 (2004).

The body of the Complaint refers to individuals who are not named as defendants in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). Therefore, this cause cannot proceed on any claims against individuals who are not named in the caption of the Complaint and, to the extent Plaintiff intended to assert claims against

3

them, they are dismissed.[3]

**(2)** **Excessive Force**

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. Hudson v. McMillian, 503 U.S. 1, 1 (1992).

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Hudson, 503 U.S. at 5, and must result in the denial of "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The second requirement is that a prison official must have a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297, 302-03; Hudson, 503 U.S. at 5, 8. "[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." Hudson, 503 U.S. 1, 4 (1992); see Wilkins v. Gaddy, 559 U.S. 34, 34 (2010). The "core judicial inquiry," is not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated ... whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting

---

[3] Plaintiff has previously been cautioned that piecemeal amendments to the Complaint will not be permitted. See (Doc. No. 11 at 4).

less than some arbitrary quantity of injury." Hudson, 503 U.S. at 9, 13–14.

Plaintiff sufficiently alleges that Defendants Boney, Burke, Heh, Mack, McIntosh, Smith, and Holder used violent force against him when he was not resisting. These allegations state a facially sufficient claim for the use of excessive force.

Therefore, the Eighth Amendment excessive force/failure to intervene claims will be permitted to proceed.

**(3)** **Retaliation**

Prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir.1978). To succeed on such a claim, a plaintiff must first allege that "the retaliatory act was taken in response to the exercise of a constitutionally protected right...." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Thereafter, a plaintiff must demonstrate that he suffered some adverse impact or actual injury. See American Civil Liberties Union of Maryland, Inc. v. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1993) (citing Huang v. Board of Governors of Univ. of North Carolina, 902 F.2d 1134, 1140 (4th Cir. 1990)). In addition, a plaintiff must come forward with specific evidence "establish[ing] that but for the retaliatory motive the complained of incident[s] ... would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir.1995); accord Ponchik v. Bogan, 929 F.2d 419, 420 (8th Cir.1991) (plaintiff must show that action would not have occurred "but for" the alleged reprisal); Collinson v. Gott, 895 F.2d 994, 1002 (4th Cir. 1990) (Phillips, J., concurring); McDonald v. Hall, 610 F.2d 16, 18–19 (1st Cir.1979). In the prison context, such claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

5

Plaintiff states that he was retaliated against but fails to support this vague and conclusory allegation with any facts. He does not allege that the retaliatory act was taken in response to the exercise of a constitutionally protected right, and therefore, this claim is facially insufficient to proceed.

Therefore, Plaintiff's retaliation claim is dismissed.

**(4)** **Discrimination**

The Fourteenth Amendment's Equal Protection Clause provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. The equal protection requirement "does not take from the States all power of classification," Personnel Adm'r v. Feeney, 442 U.S. 256, 271 (1979), but "keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992). To succeed on an equal protection claim, a § 1983 plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). If he makes this showing, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Id. Ordinarily, when a state regulation or policy is challenged under the Equal Protection Clause, unless it involves a fundamental right or a suspect class, it is presumed to be valid and will be sustained "if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." Heller v. Doe, 509 U.S. 312, 319–320 (1993). The Fourth Circuit does not recognize prisoners as "a suspect class." Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997). When equal protection challenges arise in a prison context, however, courts must adjust the level of scrutiny to ensure that prison officials are afforded the necessary discretion to operate their

6

facilities in a safe and secure manner. See Morrison, 239 F.3d at 654–55. In a prison context, therefore, the court must determine whether the disparate treatment is "reasonably related to [any] legitimate penological interests." Shaw v. Murphy, 532 U.S. 223, 225 (2001). This deferential standard applies "even when the alleged infringed constitutional right would otherwise warrant higher scrutiny;" however, this more deferential review does not ignore the concerns that justify application of a heightened standard outside of the prison context. Morrison, 239 F.3d at 655-56. Although racial discrimination claims are actionable, merely conclusory allegations of discrimination are insufficient to state a claim under § 1983. Absent some factual evidence, the court will not look behind the determinations of prison officials on mere accusations that they are racially motivated. See Chapman v. Reynolds, 378 F.Supp. 1137, 1140 (W.D.Va.1974); Williams v. Meese, 926 F.2d 994, 998 (10th Cir.1991) (conclusory allegation of racial discrimination in confiscation of excess property insufficient to state claim because no allegation was made that prisoners of another race were allowed to retain more property); Gibson v. McEuers, 631 F.2d 95, 98 (7th Cir.1980) (conclusory allegations of racial discrimination insufficient to state claim).

Plaintiff's claim that Officer Smith called him derogatory names while throwing Plaintiff to the floor then beating him states a facially sufficient claim of racial discrimination. However, Plaintiff's general allegations that Defendants threatened him, called him derogatory names, and harassed him because he is Mexican, are too vague and conclusory to proceed.

Therefore, Plaintiff's discrimination claim will proceed against Defendant Smith, but will be dismissed as to the remaining Defendants.

## IV.   CONCLUSION

For the reasons stated herein, Plaintiff's excessive force claim survives initial review as to Defendants Boney, Burke, Heh, Mack, McIntosh, Smith, and Holder, and his discrimination claim

survives initial review as to Defendant Smith; all other claims are dismissed.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's excessive force claim survives initial review with regards to Defendants Boney, Burke, Heh, Mack, McIntosh, Smith, and Holder, and the discrimination claim survives initial review as to Defendant Smith.

2. The remainder of the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. **IT IS FURTHER ORDERED THAT** the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for **Defendants Boney, Burke, Heh, Mack, McIntosh, Smith,** and **Holder,** who are current or former employees of NC DPS.

Signed: May 17, 2018

Frank D. Whitney
Chief United States District Judge